IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY MARTIN, JR.                                           PETITIONER

VS.                                  CIVIL ACTION NO. 3:14cv958-DPJ-FKB

BONITA MOSLEY                                        RESPONDENT

## **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Anthony Martin, Jr., a federal prisoner.  Having considered the petition, response, and reply, the undersigned recommends that habeas relief be denied.

Martin is a federal inmate serving two sentences imposed on March 29, 2002, by the United States District Court for the Southern District of Georgia:   A sentence of 135 months for conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine, and a 60-month sentence for possession of a firearm in furtherance of drug trafficking, the sentences to be served consecutively.  He is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  Martin's projected release date is December 20, 2016, via good conduct credit.  In his petition, Martin challenges the computation of his sentence by the Bureau of Prisons (BOP).

The relevant facts are as follows.  On January 31, 1995, Martin was arrested on state drug charges in Georgia.  He remained in state custody as a pretrial detainee until August 7, 1995, when he was released on bond.  He received only probation on those charges.  However, on July 12, 1996, Martin was sentenced by a Georgia court to six

years on another charge. He was released on parole on December 16, 1996.

On May 24, 2001, Martin was arrested for a parole violation and incarcerated in the Chatham County Jail in Georgia. His parole was subsequently revoked, and he began serving the remainder of his state court sentence. Around this time, the federal drug charges that resulted in his current incarceration were brought against him. On June 29, 2001, he was taken from the jail into federal custody on a writ of *habeas corpus ad prosequendum* for those charges. However, he remained under the primary jurisdiction of the state of Georgia until January 16, 2002, the date he completed his state sentence. On January 17, 2002, he was transferred to the exclusive custody of the United States Marshal Service as a pretrial detainee on federal charges. He was sentenced by the federal court on March 29, 2002, and was transferred to BOP custody on June 3, 2002.

In his petition, Martin alleges that the BOP has wrongfully failed to credit him for a period of twelve months of prior custody. It is unclear from Martin's filings the precise dates of which this twelve months is comprised, as he references different dates at various points in his filings. However, a liberal construction of his petition and reply suggests that he is arguing for the period from his arrest on May 24, 2001, until he was transported to a federal correctional facility on June 3, 2002.

In response to the petition, Respondent has submitted the declaration of Dawn L. Giddings, a management analyst at the BOP's Designation and Sentence Computation Center, along with records from Martin's BOP file. These documents indicate the following. Because Martin was in federal custody at the time of his federal sentencing, the BOP calculated his sentence as having commenced on the day of sentencing, *i.e.*, March

2

29, 2002. He was given prior custody credit for the period from January 17, 2002, through March 28, 2002 – the time he spent in exclusively federal custody as a pretrial detainee. The BOP also gave him prior custody credit for the time spent from January 31, 1995, until August 7, 1995, as a pretrial detainee in state custody, as that time had never been credited toward any other sentence and because the offense for which he had been arrested at the time was directly related to his federal drug offense.

Martin has failed to establish that he is entitled to credit for the remaining period of May 24, 2001, the date he was arrested on his state parole violation, through January 16, 2002, the date he completed serving his state sentence and was released from state custody. As the affidavit of Ms. Giddings and Martin's BOP records make clear, during this period Martin was either exclusively or primarily in state custody, and this period was fully credited toward his state sentence. Pursuant to 18 U.S.C. § 3585(b), time credited against his state sentence cannot also be credited against his federal sentence.[1]

Martin has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the undersigned recommends that relief be denied and that Martin's petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

---

[1] In his filings, Martin suggests that his federal sentence was to run concurrently with his state sentence. There is nothing in the record to support this. Furthermore, by the time he was sentenced in federal court, he was no longer under a state sentence, as he had completed it. Thus, there was no state sentence with which the federal sentence could have been served concurrently.

3

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  Respectfully submitted, this the 23rd day of September, 2015.

           /s/ F. Keith Ball

           _____
           UNITED STATES MAGISTRATE JUDGE